UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR No. 09-166-M |
| ) | |
| CHRISTIAN RUFINO, ) | |
| Defendant. ) | |

ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This Court sentenced Christian Rufino to fifteen years in prison for his guilty plea for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Because the Court found that Mr. Rufino had three prior convictions for violent felonies, his sentence carried a mandatory minimum of fifteen years in prison. In *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, and in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court made the *Johnson II* ruling retroactive on collateral review. Following the *Johnson II* ruling, Mr. Rufino moved to correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he no longer qualifies as an armed career criminal. (ECF No. 77). The Government opposes the motion by citing four convictions as predicate offenses: (1) a 1990 federal conviction for bank robbery, (2) a 1995 Massachusetts conviction for assault and battery with a dangerous weapon ("ABDW"), (3) a 1998 conviction for Massachusetts ABDW, and

(4) a 1998 Massachusetts conviction for armed assault with intent to commit murder.[1] (ECF No. 80).

Because two of the four predicate offenses relied upon by the Government are Massachusetts ABDW, the Court begins with Massachusetts ABDW. Recently, in *United States v. Tavares*, the Court of Appeals for the First Circuit determined that Massachusetts ABDW is divisible. 843 F.3d 1, 18 (1st Cir. 2016). The *Tavares* Court, however, left unanswered whether the reckless form of Massachusetts ABDW satisfies the force clause. *Id.* at 18–20. Accordingly, this Court's ruling in *United States v. Sabetta*, No. 00-CR-135-S-PAS, 2016 WL 6157454, at *9 (D.R.I. Oct. 24, 2016)—that a recklessness mens rea does not satisfy the force clause—remains unmoved. *United States v. Sabetta*, No. 00-CR-135-S-PAS, 2016 WL 7174618, at *4 (D.R.I. Dec. 8, 2016). For this reason, the reckless form of Massachusetts ABDW—based on this Court's analysis—does not satisfy the force clause.

As it now stands, there are insufficient *Shepard*[2] documents to identify the version of Massachusetts ABDW that formed the basis for Mr. Rufino's convictions. The grand jury indictment for the 1998 Massachusetts ABDW conviction states that Mr. Rufino "did assault and beat one Chad Bonville by means of a dangerous weapon, to wit: a double edge knife." (ECF No. 80 at 30). This generic phrasing of the statute unequivocally fails to identify the form of Massachusetts ABDW for

---

[1] The Government no longer argues that Mr. Rufino's Maine conviction for conspiracy to commit robbery and Massachusetts guilty filing for assault with a dangerous weapon qualify as predicate offenses. (ECF No. 83).

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

which Mr. Rufino was convicted. *See United States v. Holloway*, 630 F.3d 252, 260 (1st Cir. 2011) ("The statute does not break the offense down into its various types nor does it provide charging language specific to those types. Consequently, a sentencing court may not rely on the generic 'did assault and beat' charging language to identify which particular battery offense served as the offense of conviction."). Similarly, the *Shepard* document produced by the Government for the 1995 conviction simply recites the offense name—"ASSAULT & BATTERY BY DANG. WEAPON C265 S15A." (ECF No. 80 at 13).

This brings us to the final stop on the decision tree: Whether the Government or Mr. Rufino has the burden of producing *Shepard* documents that prove the form of Massachusetts ABDW for which Mr. Rufino was convicted. As stated by many other courts in this circuit, the Government has the burden of proving that the defendant's conviction qualifies as a violent felony. *E.g., United States v. Virden*, Cr. No. 09-10325-LTS (D. Mass. Feb. 3, 2017) ("[A]bsent Shepard documents establishing [the defendant] was convicted of Intentional ABDW, [the defendant] is not an armed career criminal subject to the fifteen-year mandatory minimum sentence he currently is serving."); *United States v. Vasquez*, No. CR 12-40010-TSH, 2016 WL 5417186, at *1 (D. Mass. Sept. 26, 2016) ("[T]he government failed to satisfy its burden to establish the prong under which the Petitioner was previously convicted."). Indeed, the *Tavares* Court remanded "to the district court to allow the *government* the opportunity to put forth Shepard documents that clarify whether [the defendant's] ABDW conviction was for the intentional or reckless version of the

offense." *Tavares*, 843 F.3d at 20 (first emphasis added). Because the Government has failed to prove that Mr. Rufino's convictions were for the intentional form, the Court finds that Mr. Rufino's conviction for Massachusetts ABDW do not qualify as violent felonies.[3]

## CONCLUSION

The Court concludes that the Government did not sustain its burden of proving that Mr. Rufino's 1995 and 1998 convictions were for the intentional form of Massachusetts ABDW. Accordingly, Mr. Rufino does not have the requisite number of offenses for the career-offender classification. For this reason, the Court intends to grant Mr. Rufino's 2255 petition, vacate his sentence, and resentence him in accordance with today's order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 13, 2017

---

[3] The Court also rejects the Government's assertion that Mr. Rufino procedurally defaulted his claim, as Mr. Rufino has established both cause and prejudice.